**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Shawn Patrick HARTNETT, aka Shawn Harnett, Defendant—Appellant.**

No. 02–10601.

D.C. No. CR–01–00360–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Sept. 29, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Gutierrez–Chavez v. INS,* 298 F.3d 824 (9th Cir.2002).

2. *See id.* at 830.

Amber S. Rosen, Esq., USSJ–Office of the U.S. Attorney, San Jose, CA, Patrick D. Robbins, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Solomon Wollack, Garrick S. Lew, Minami, Lew & Tamaki LLP, San Francisco, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Shawn Hartnett pleaded guilty to one count of possession with intent to distribute MDMA ("ecstasy") under 21 U.S.C. §§ 841(a)(1) and 846 and received a 30–month sentence. He conditioned his plea on retaining his right to this appeal. He challenges the district court's denial of his motion to suppress the roughly 20,000 tablets of ecstasy found in the luggage he carried in his private, First Class cabin on an Amtrak train.

Hartnett contends that the district court erred in finding that he consented to the officer's sniffing his suitcase, which resulted in the detection of the door of marijuana from a prior use of the luggage. That discovery established probable cause to obtain a warrant to search the suitcase.

Whether an encounter is consensual depends upon the totality of the circumstances. *See U.S. v. Drayton,* 536 U.S. 194, 201, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002). The applicable test for encounters like this, that take place on means of commercial transportation, is whether a reasonable person would feel free to decline the officer's request to search or to otherwise terminate the encounter. *Florida v. Bostick,* 501 U.S. 419, 426, 111 S.Ct. 2376, 115 L.Ed.2d 379 (1991).

This encounter took place in portion of the train where only Harnett and the officers were present. There is no indication, however, that the officers attempted to intimidate or to coerce Harnett into acquiescing to the sniff of his luggage. The officers spoke in a polite tone of voice and did not brandish any weapons. Additionally, when Harnett rebuffed their initial request to search the cabin by asking if they had a warrant, the officers truthfully answered that they did not and then respect-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed Harnett's wish that they not search the cabin.

Looking to the totality of the circumstances, the district court did not err in concluding that the encounter was consensual, because a reasonable person in Harnett's position would have felt free to decline the officers' request to sniff the luggage or to otherwise terminate the encounter.

AFFIRMED.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.